[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 586.]

COLUMBUS BAR ASSOCIATION *v*. BLANKENSHIP.

[Cite as *Columbus Bar Assn. v. Blankenship*, 1996-Ohio-66.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failure to carry out contract of employment—Causing prejudice or damage to a client—Attempt to exonerate or limit liability for malpractice—Failure to maintain client funds--Failure to pay and deliver client funds—Charging a clearly excessive fee—Engaging in conduct adversely reflecting on fitness to practice law—Engaging in conduct involving deceit or misrepresentation—Conduct prejudicial to the administration of justice—Neglecting or refusing to assist in disciplinary investigation.*

(No. 95-1200—Submitted November 15, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-70.

———————————

{¶ 1} On October 17, 1994, relator, Columbus Bar Association, charged respondent, Jeffrey A. Blankenship of Columbus, Ohio, Attorney Registration No. 0014764, with seven counts of professional misconduct. Respondent was served with notice of the complaint, but did not answer. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on relator's motion for default, filed pursuant to Gov.Bar R. V(6)(F) and 9(G)(2). A copy of the motion for default was sent to respondent by regular mail, but he did not reply.

{¶ 2} The panel found that relator's motion for default judgment was well taken and that all of the allegations in the complaint were meritorious. The

complaint alleged, and the evidence attached to the default motion established, the following.

{¶ 3} As to Count One, respondent undertook in October 1991 to represent Laura Silvey in a custody matter. In January 1992, he assured her he would immediately file her case. By May 1992, respondent had not initiated any necessary legal action on his client's behalf, and she fired him. As a result, she incurred expenses for successor counsel and possible lost child support. After she filed a grievance, respondent paid Silvey money and required her to sign a release of claims. The panel found that respondent's conduct violated DR 6-101(A)(3)(neglect of entrusted legal matter), 7-101(A)(2)(failure to carry out contract of employment), 7-101(A)(3)(causing prejudice or damage to a client), and 6-102(A)(attempt to exonerate or limit liability for malpractice).

{¶ 4} As to Count Two, in January 1993, respondent represented Robert Rist in a court case, and Rist gave him money to cover certain court costs. Respondent gave the court clerk a check, on his office account, but the bank returned the check marked "NSF." A friend of Rist's advanced her own funds to pay these costs, together with the bank's returned check fee, but respondent refused to reimburse these costs. The panel found that respondent's conduct violated DR 9-102(B)(3)(failure to maintain client funds) and 9-102(B)(4)(failure to pay and deliver client funds).

{¶ 5} As to Count Three, respondent represented Daryl Brown and Bernard Brown for claims arising out of a 1987 automobile accident. The Browns' case was dismissed for want of prosecution, and a subsequent appeal was also dismissed. The Browns secured a $35,000 default judgment against respondent for malpractice, but respondent did not pay that judgment. Thereafter, respondent filed for bankruptcy and sought to discharge this debt, but his bankruptcy suit was dismissed. Respondent then negotiated a settlement with the Browns, but thereafter filed successive bankruptcy actions in efforts to frustrate foreclosure proceedings

to collect the debt. A substantial portion of his settlement debt to the Browns remains unpaid. The panel found respondent violated DR 6-101(A)(3), 7-101(A)(2) and (3), and 6-102(A).

{¶ 6} As to Count Four, in September 1993, Gerald Swank paid the respondent a retainer and deposit for court costs to file a bankruptcy action. By December 1993, respondent had all the information and materials necessary to file that action. As of August 1, 1994, respondent had not filed the petition despite his client's repeated requests to do so. Thereafter, Swank sued respondent to recover his fees and deposit for costs. The panel found respondent's conduct violated DR 2-106(charging clearly excessive fee), 6-101(A)(3), 7-101(A)(2) and (3), and 9-102(B)(4).

{¶ 7} As to Count Five, respondent was in-state co-counsel for the personal injury claims of Andrew Kalmanowicz arising from a July 1989 automobile accident. After filing the case, just prior to expiration of the statute of limitations, respondent failed to conduct discovery or prepare the case for trial. When the case was assigned for trial in June 1992, respondent dismissed the case without notice to his client or co-counsel. A year later, respondent refiled the case, but did nothing to prepare for trial. The trial was scheduled for July 1994, but respondent again failed to notify co-counsel or his client.

{¶ 8} As a result of respondent's inattention, Kalmanowicz's damage claims have been substantially compromised. Respondent also refused and neglected to provide information and records about this case to co-counsel or his client. As of October 1994, respondent failed to return all files to his client or co-counsel, although respondent had been fired. The panel found respondent's conduct violated DR 6-101(A)(3), 7-101(A)(2) and (3), and 9-102(B)(4).

{¶ 9} As to Count Six, Carl Ransbottom hired respondent on January 6, 1994, to file a bankruptcy on his behalf, and respondent received attorney fees and court costs to file this action. His client also informed respondent that there were

two lawsuits against the client and the client's wife, that a January 20 hearing was scheduled, and that certain defenses and counterclaims existed as to these two actions. Respondent failed to file the bankruptcy action before January 20, as agreed, and failed to take other action to protect his client, or his client's wife, as agreed. As a consequence, default judgments were taken against his client and his client's wife on January 20. In late January 1994, respondent assured his client that the bankruptcy had been filed and arrangements had been made with the judgment creditors. On February 10, 1994, his client learned the bankruptcy had not been filed. When confronted, respondent claimed the forms had been lost in the mail or by the court. Further, respondent made disparaging and unprofessional remarks to his client and failed to return the client's fees and deposit for costs. The panel found respondent's conduct had violated DR1-102(A)(4) (engaging in conduct involving deceit or misrepresentation), 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 2-106(A), 6-101(A)(3), 7-101(A)(2) and (3), and 9-102(B)(4).

{¶ 10} As to Count Seven, respondent repeatedly ignored investigative requests made by relator and by this court's Disciplinary Counsel relating to grievances by his clients against him. Respondent also failed to provide certain documents from his files relating to the grievances, despite numerous promises to do so. Thus, respondent exhibited a pattern and practice of neglecting or refusing to cooperate with disciplinary investigations. As a result, the panel found respondent's conduct had violated DR 1-102(A)(5)(conduct prejudicial to the administration of justice), 1-102(A)(6), and Gov.Bar R. V(4)(G)(neglecting or refusing to assist an investigation).

{¶ 11} In additon to these findings and conclusions, the panel noted that respondent had refused to cooperate with relator and offered no explanation for his conduct or mitigating evidence. Relator sought an indefinite suspension, and the panel recommended that respondent be suspended indefinitely from the practice of

law in Ohio. The board adopted the findings, conclusions of law, and recommendation of the panel and further recommended that costs be taxed to respondent.

{¶ 12} On June 15, 1995, the board certified the proceedings to this court, and on June 19, 1995, we issued a show cause order to respondent. On July 31, 1995, respondent filed objections to the board's findings of fact, conclusions of law, and recommendation. Counsel for respondent asserts that respondent has been adversely affected by a severe problem with alcohol for a number of years. As a result, respondent was unwilling and unable to deal adequately with his personal and professional life. Subsequent to the default judgment, his counsel claims respondent has now begun to resolve his alcohol problem in earnest. At oral argument, respondent's counsel urged the court to suspend proceedings so respondent could be placed on probation.

———————————

*Schwartz, Kelm, Warren & Ramirez* and *Nelson E. Genshaft*; *Zeiger & Carpenter* and *Jeffrey A. Lipps*; and *Bruce A. Campbell*, for relator.

*R. Joshua Brown*, for respondent.

———————————

*Per Curiam.*

{¶ 13} Having reviewed the record, we concur in the board's findings and its recommendation. Relator's complaint was served upon respondent in October 1994, but respondent did not interpose a response until July 31, 1995, and then only at the last moment before us. As relator points out, "To allow the Respondent to ignore *** these proceedings and now to blithely suggest—ten months * * * [later]—that the process begin again, would be to totally disregard the public and professional obligations of the disciplinary system." Moreover, respondent has repeatedly failed to perform legal services for which he accepted responsibility, misused client funds, and compromised his clients' legal interests.

**{¶ 14}** Accordingly, we order that respondent be indefinitely suspended from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., dissents and would disbar.

———————————